IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BLINK 654 OPTICAL LTD., d/b/a<br>BLINK OPTICAL,<br>   Plaintiff, | )<br>)<br>) | Civil Action No. 1:16-cv-9585 |
| v. | )<br>)<br>) | |
| BLINK FAMILY EYECARE, LLC.,<br>   Defendant. | )<br>) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION**

NOW COMES the Plaintiff, Blink 654 Optical Ltd., d/b/a Blink Optical ("Plaintiff"), and for its Complaint against the Defendant, Blink Family Eyecare, LLC ("Blink Family Eyecare" or "Defendant"), states and alleges as follows:

**NATURE OF ACTION**

1. This is a civil action for trademark infringement and competition under applicable federal, state and common law. Plaintiff brings this action because Defendant is doing business under a confusingly similar name and trademark in violation of Plaintiff's rights. Plaintiff seeks to enjoin Defendant's goods, to recover damages and Defendant's profits, and to secure other relief, including attorneys' fees and costs.

**PARTIES**

2. Plaintiff is an Illinois Corporation having its principal place of business at 654 Bank Lane, Lake Forest, Illinois 60045.

3.      On information and belief, Defendant is an Illinois limited liability company having its principal place of business at 1650 W. Belmont Ave., Unit 1E, Chicago, Illinois 60657.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 15 USC §1125(a) and 28 U.S.C. §§1331 and 1338(a) because this action arises under the laws of the United States, specifically 15 U.S.C. §§1051 *et seq.* (The "Lanham Act").

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because they are substantially related to Plaintiff's federal Lanham Act claims.

6.      This Court has personal jurisdiction over Defendant and venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b) and (c) because Defendant is doing business in this District and the events giving rise to Plaintiff's claims occurred in this District.

## FACTS
### Blink Optical

7.      Over the past eleven years, Plaintiff has provided retail services relating to eyeglasses and sunglasses to customers living in northern Illinois under its name and mark BLINK (Plaintiff's Mark").

8.      Plaintiff has used Plaintiff's Mark in connection with Plaintiff's services, including but not limited to the sale of eyeglasses and sunglasses.

9.      Plaintiff's Mark is displayed on all advertisements, brochures, flyers, web pages, and other promotional materials distributed by Plaintiff to promote its goods and services.

10.     Consumers in northern Illinois have come to recognize goods and services promoted under Plaintiff's Mark as emanating from Plaintiff.

11. Plaintiff has invested in its brand over the last eleven years to a great amount of advertising in various forms of media, including but not limited to its website, signage, brochures, print advertisements, and other promotional materials.

12. Plaintiff displays Plaintiff's Mark in a distinctive all lower case format, thus:



13. Through its continued use of the PLAINTIFF mark for approximately eleven years, Plaintiff has built up substantial goodwill in Plaintiff's Mark, and the relevant consumers have come to recognize Plaintiff's Mark as identifying a source for high quality retail optical services.

## Defendant's Unlawful Activities

14. About two months ago, Plaintiff became aware the Defendant had opened a retail optical store on the north side of Chicago. Plaintiff learned of this from customers and suppliers who expressed confusion over what they believed to be Plaintiff's second retail location.

15. On information and belief, Defendant displays its mark in an all lower case format similar to the display of Plaintiff's Mark, thus:



16. On August 25, 2016, Plaintiff's counsel wrote to Defendant, notifying Defendant of its infringement of Plaintiff's Mark, the likelihood that customers would be confused, and requesting that Defendant stop the infringement immediately. *See Correspondence from Dennemeyer & Associates LLC dated August 25, 2016, attached hereto as Exhibit A.*

17. On September 13, 2016, Defendant's counsel wrote to Plaintiff's counsel denying Plaintiff's claim of infringement and stating that Defendant would continue to use the trade name Blink Family Eyecare. *See Correspondence from Swanson, Martin & Bell, LLP dated September 13, 2016, attached hereto as Exhibit B.*

18. Upon information and belief, despite Plaintiff's letter of August 25, 2016, Defendant is continuing to use the trade name Blink Family Eyecare to advertise and promote its retail optical services in direct competition with Plaintiff with full knowledge of Plaintiff's Mark.

19. Both Plaintiff and Defendant use their respective marks in connection with retail optical services advertised to consumers in northern Illinois.

20. In all respects, Plaintiff and Defendant sell similar goods and services, operating in the same channel of trade and offer their goods and services to the same categories of consumers.

21. Defendant's use of the BLINK is identical in sound and connotation to Plaintiff's Mark.

22. Defendants use of the BLINK mark is likely to cause confusion, mistake, and deception as to the source or origin of Defendants infringing goods and services on the one hand, and Plaintiff's goods and services on the other, and is likely to falsely suggest a sponsorship, connection, affiliation or association between Defendant and/or its goods and services on the one hand, and Plaintiff's on the other, thereby injuring Plaintiff and the public.

23. Defendant's activities described above are without Plaintiff's permission.

24. Upon information and belief, Defendant's activities described above are willful.

25. Defendant's activities described above have directly and proximately caused, and unless enjoined will continue to cause, irreparable harm to Plaintiff, consumers and vendors who have an interest in being free from confusion, mistake and deception.

26. Plaintiff has no adequate remedy at law and will be irreparably harmed if Defendant is permitted to use the BLINK mark in northern Illinois in connection with retail optical services.

## COUNT I
### Federal Unfair Competition under 15 U.S.C. §1125(a)

27. Plaintiff hereby realleges and incorporates each and every paragraph above as though fully stated herein.

28. For the last eleven years, Plaintiff has invested significant effort and funds in marketing and promoting its goods and services under Plaintiff's Mark and as a result, consumers in northern Illinois associated Plaintiff's Mark with a single producer or source.

29. Defendant's infringing use of BLINK is confusingly similar to Plaintiff's Mark.

30. Defendant's use of the BLINK mark in connection with the sale, offering for sale, distribution and advertising of optical services, eyeglasses and sunglasses is likely to cause confusion, or to cause mistake or to deceive in violation of 15 U.S.C. §1125(a).

31. Defendant is misrepresenting and falsely describing to the general public the origin and source of its services sold under the infringing BLINK mark in northern Illinois and creating a likelihood of confusion by consumers and vendors as to the source and sponsorship of such products.

32. As a direct and proximate result of the foregoing acts of Defendant, Plaintiff has suffered and will continue to suffer monetary damages in an amount that will be established at trial.

33. Upon information and belief, Defendant's acts were and have been in conscious and willful disregard of Plaintiff's rights, and the resulting damage to Plaintiff is such as to warrant the trebling of damages in order to provide just compensation.

34. Defendant's unfair competition described herein also irreparably harms Plaintiff, and there is no adequate remedy at law, and as such, the balance of equities weigh in favor of an injunction.

## COUNT II
**Violation of the Illinois Uniform Deceptive Trade Practices Act under 815 ILCS §510**

35. Plaintiff hereby realleges and incorporates each and every paragraph above as though fully stated herein.

36. Defendant's use of the BLINK mark in connection with the sale, offering for sale distribution and advertising of optical services, eyeglasses and sunglasses passes off goods and services as those of another, causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services, causes likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another, and/or engages in other conduct that similarly creates a likelihood of confusion or misunderstanding, all of which conduct is in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §510/2.

37. As a direct and proximate result of the foregoing acts of Defendant, Plaintiff has suffered and will continue to suffer monetary damages in an amount that will be established at trial.

38. Upon information and belief, Defendant's acts were in conscious and willful disregard of Plaintiff's rights.

39. Defendant's unfair competition described herein also irreparably harms Plaintiff, and there is no adequate remedy at law, and as such, the balance of equities weigh in favor of an injunction.

## COUNT III
**Trademark Infringement and Unfair Competition under Illinois Common Law**

40. Plaintiff hereby realleges and incorporates each and every paragraph above as though fully stated herein.

41. Defendant's activities, described above, constitute common-law trademark infringement and misappropriation of the goodwill associated with Plaintiff's Mark in violation of Illinois common law.

42. Defendant's use in commerce of the BLINK mark in connection with the sale, offering for sale, distribution and advertising of retail optical services, sunglasses and eyeglasses to consumers in northern Illinois is likely to cause confusion, or to cause mistake or to deceive consumers, vendors and the general public, to the detriment of Plaintiff.

43. Defendant's unfair competition described herein also irreparably harms Plaintiff, and there is no adequate remedy at law, and as such, the balance of equities weigh in favor of an injunction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Blink 654 Optical Ltd., d/b/a Blink Optical, respectfully requests that this Court enter judgment in its favor on each and every count set forth above and award it relief including, but not limited to, the following:

A. An Order holding that the actions of Defendant, Blink Family Eyecare, LLC., infringed Plaintiff's Mark and that Defendant's actions constitute trademark infringement and/or unfair competition under federal, state and common law as detailed above;

B. An Order preliminarily and permanently enjoining Defendants, its employees, agents, officers, directors, holders, subsidiaries, related companies, affiliates, distributors, dealers and all persons in active participation with any of them:

   i. From using the name BLINK FAMILY EYECARE or using the term BLINK or any other marks, names or identifiers that are the same as or confusingly similar to Plaintiff's Mark, in any manner or form, in connection with any goods or services relating to retail optical services, eyeglasses or sunglasses; and

   ii. From representing or suggesting, by any means whatsoever, directly or indirectly that Defendant, any goods or services offered by Defendant, or any activities undertaken by Defendant are sponsored or approved by, or are associated, affiliated or connected with Plaintiff in any way.

C. An Order requiring Defendants to deliver up for destruction all advertisements, promotional materials, labels, signs, pictures, letterhead, plaques and any other materials containing the infringing mark and/or false claims in its possession, custody or control, or in the possession, custody or control of any of its agents or representatives that are in use in northern Illinois or which are designed to be used in northern Illinois;

D. An Order directing Defendants to file with this Court and serve on Plaintiff's attorneys, thirty (30) days after the date of the entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the Court's injunctions;

E.  An Order requiring Defendants to account for and pay to Plaintiff any and all profits arising from or related to Defendant's unlawful acts, and that such profits be increased in accordance with 15 U.S.C. §1117;

F.  An Order requiring Defendants to pay to Plaintiff the full amount of damages caused by Defendant's unlawful acts, and that damages be trebled in accordance with 15 U.S.C. §1117 and other applicable laws;

G.  An Order requiring Defendants to pay to plaintiff its costs and attorneys' fees in this action pursuant to 15 U.S.C. §1117 and any other applicable laws; and

H.  Any other relief as this Court may deem appropriate.

October 7, 2016                                     Respectfully submitted,


                                                    /s/ Edward J.Chalfie
                                                    Edward J. Chalfie (Atty. No. 3121611)
                                                    echalfie@dennemeyer-law.com
                                                    Dennemeyer & Associates LLC
                                                    181 W. Madison Street, Suite 4500
                                                    Chicago, IL 60602
                                                    Phone: (312)-380-6495
                                                    Fax: (312)-419-9440

                                                    Attorneys for Plaintiff,
                                                    Blink 654 Optical Ltd., d/b/a Blink Optical

# Exhibit A



DENNEMEYER & ASSOCIATES. PATENTS. TRADEMARKS. DESIGNS

EDWARD J. CHALFIE
Attorney at Law
Direct: +1 (312) 380-6495
Facsimile: +1 (312) 419-9440
Mobile +1 (312) 593-6626
echalfie@dennemeyer-law.com

August 25, 2016

**VIA UPS COURIER**

Dr. Nga Phan
Blink Family Eyecare
1650 W. Belmont Avenue, #1E
Chicago, IL 60657

Re: Trademark infringement claim against Blink Family Eyecare
Our Matter No. 10144-US-TL-102561

Dear Dr. Phan:

We represent Blink Optical of Lake Forest, Illinois in its intellectual property and litigation matters. Our client has used the term BLINK in its trademark and trade name since 2005. Our client has been well known as a seller and fitter of quality eyewear in the Chicagoland area since that time.

We understand that you have adopted the name Blink Family Eyecare for your optical store located at 1650 West Belmont Ave., Chicago, Illinois, and that you have registered the domain name blinkfamilyeyecare.com.

Your use of the term BLINK in your trade name and domain name amounts to unfair competition and trademark infringement under the Federal Trademark Act and Illinois state law. The law entitles our client to numerous remedies for this infringement, including injunctive relief, our client's damages and your profits derived from the unauthorized use of our client's trademark.

On behalf of our client, we demand that you immediately cease and desist the use of the term "BLINK" in your trade name, corporate name, trademark, service mark, domain name, advertising and promotional materials.

Dr. Nga Phan
Blink Family Eyecare
August 25, 2016
Page 2

    Although I assume you will seek the advice of your own counsel, I want you to understand that the acceptance of your corporate name by the Illinois Secretary of State does not entitle you to use that corporate name in violation of another party's established trademark rights.

    Now that we have put you on notice of our client's assertion of its trademark rights, any continued infringement on your part will be considered willful infringement by a court. This would subject you to increased damages and attorney's fees should it be necessary for us to proceed with court action against you.

    You may avoid legal action by having an authorized representative of your company respond to this letter no later than close of business, September 9, 2016.

    This letter is sent without prejudice to our client's rights and claims, all of which are expressly reserved. Please direct any communication regarding this matter to my attention.

    Very truly yours,

    Dennemeyer & Associates LLC

    By: *[signature]*
    Edward J. Chalfie

EJC/

DENNEMEYER & ASSOCIATES, LLC
120 S. LaSalle Street, Suite 1400, Chicago, IL 60603 USA
Telephone: (312) 380-6500; Fax: (312) 419-9440

info@dennemeyer-law.com
www.dennemeyer-law.com

# Exhibit B

## SWANSON, MARTIN & BELL, LLP

ATTORNEYS AT LAW
330 NORTH WABASH, SUITE 3300
CHICAGO, ILLINOIS 60611
(312) 321-9100 • FAX (312) 321-0990

**P. Stephen Fardy**
Writer's Direct Dial No. (312) 923-8247

**E-mail:**
sfardy@smbtrials.com

September 13, 2016

**Via Electronic Mail**
Mr. Edward J. Chalfie
Dennemeyer & Associates LLC
120 South LaSalle Street, Suite 1400
Chicago, IL 60603
dchalfie@dennemeyer-law.com

Re: *Blink Family Eye Care*

Dear Mr. Chalfie:

Your claim that our client's use of the term "BLINK" amounts to "trademark infringement under the Federal Trademark Act" is meritless given that Blink Optical of Lake Forest does not have a federally registered trademark in "BLINK" or "Blink Optical." As a result, any claim brought for trademark infringement would be in violation of Federal Rule of Civil Procedure 11. Similarly, Blink Optical does not have a trademark registered with the Illinois Secretary of State.

The name "BLINK" in connection with eye care is a very crowded market. Our research confirms that optometry and eye care providers across the country use the term. There are twelve federally registered marks with BLINK in the name in International Class 009 (the appropriate class for eyewear and sunglasses, the arena in which your client is using the term), none of which are owned by your client. None of the federally registered marks prohibit our client from applying for a trademark in "Blink Family Eyecare" in Class 009. Similarly, there are no marks registered with the Illinois Secretary of State in conflict with our client's use of the terms "BLINK" or "Blink Family Eyecare."

Finally, our clients provide completely different services. Blink Family Eyecare is an optometry provider offering eye exams, contact lens fittings, diabetic and emergency eye care, Lasik and cataract consultations and pre- and post-op care, and medical eye prevention and treatment, in addition to providing a selection of eye glass frames. In contrast, Blink Optical appears to be merely a boutique seller of designer eyeglass and sunglasses. The businesses therefore operate in different fields to different classes of customers. They are also located in different geographic locations – one in the city of Chicago and one in a far-northern suburb approximately 40 minutes away. We disagree that your client has any exclusive claim to the use

SWANSON, MARTIN & BELL, LLP

Edward J. Chalfie
Page 2
September 13, 2016

of the term "BLINK" that would prohibit our client's simultaneous use. As a practical matter, there is no confusion between the two businesses given the differences in services offered.

 As a result, our client will continue its rightful use of the name "Blink Family Eyecare" in connection with its business. In the event you can provide any substantiation for your claims of trademark infringement and unfair competition, we will consider them.

        Very truly yours,

        SWANSON, MARTIN & BELL, LLP

        P. Stephen Hardy
        Jonna McGinley Reilly